CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 0 3 2008

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KIMBERLY TOWNES MOSES, on behalf of herself and as a representative of a class of similarly situated individuals, Plaintiff, | Civil Action No.: 7:07cv00423 |
| | MEMORANDUM OPINION |
| v. | By: Samuel G. Wilson United States District Judge |
| SEARS, ROEBUCK AND COMPANY, Defendant. | |

Plaintiff Kimberly Townes Moses brings this action pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1982, alleging that defendant Sears, Roebuck and Company ("Sears") impaired Moses' right to make and enforce contracts when, on the basis of race, Sears employees falsely accused her of shoplifting and seized and kept merchandise she rightfully owned. This case is now before the court on the defendant's motion to dismiss. The essential question is the scope of § 1981's protection of the right of "all persons . . . to make and enforce contracts . . . ." This court finds that defendant has construed § 1981 too narrowly, and therefore denies the motion to dismiss.

I

Moses alleges that she went to a Sears department store on September 4, 2005 to shop and to return a pair of shoes. Because Sears offered her only $6.00 for the shoes she sought to return, Moses decided to keep them. Moses then bought a shirt, and minutes after leaving the store she was confronted by a Sears employee. She displayed her receipts for the shoes and the clothing, but Moses was nonetheless taken to a back room, where a Sears employee took the items she had bought. (Compl. ¶ 36.) Sears summoned a Roanoke City Police officer, who eventually issued Moses a summons for shoplifting. Several days later Sears requested the

Commonwealth no prosecute the case, and the Commonwealth nolle prossed it. Moses alleges that her experience is part of Sears' pattern of intentional race discrimination; she brings this action individually and seeks to be a class representative under Federal Rule of Civil Procedure 23.

## II

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true raise the right to relief above the speculative level. Cuvillier v. Sullivan, 503 F.3d 397, 401 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)).

Section 1981 provides in relevant part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . ." The term "make and enforce contracts" includes "the making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b) (West 2008). The statute explicitly protects against "nongovernmental discrimination." § 1981(c). To establish a prima facie case under § 1981, plaintiff must show that the defendant intended to discriminate on the basis of race, and that the discrimination interfered with a contractual interest. Eddy v. Waffle House, Inc., 482 F.3d 674, 678 (4th Cir. 2007).

Sears contends that Moses has failed to state a claim because her allegations do not demonstrate that Sears impaired its contract with Moses. Sears argues that Moses' contracts for the shoes and clothing were complete upon her payment and exit from the store. There is

authority that subscribes to this view that § 1981 does not reach the events subsequent to the retail sale itself, even if only a short time has passed. For example, in Youngblood v. Hy-Vee Stores, Inc., 266 F.3d 851 (8th Cir. 2001), plaintiff Youngblood brought a § 1981 claim after he was allegedly falsely accused of shoplifting beef jerky just after paying the cashier; he had not yet left the store. The court concluded that "no [contractual] relationship existed when [the store employee] took the beef jerky away from Youngblood." Id. at 854. This is the essence of Sears' claim here – a completed transaction leaves no contractual duty for the seller to breach, and therefore § 1981 has no application.

This court finds that the plain language and legislative history of § 1981 compel the conclusion that Moses' allegations fit within the statute's protections. This court agrees with the dissenting opinion of Youngblood and with Garrett v. Tandy Corp., 295 F.3d 94 (1st Cir. 2002). The Youngblood dissent found that "a person's right to leave a store where he has purchased an item without being surrounded, detained, and having the item removed from his possession (and his money not returned) can easily be understood as a 'benefit' of the contract." 266 F.3d at 859 (Arnold, J., dissenting). The Garrett court held that the 1991 amendments to § 1981 extend protection to "situations beyond the four corners of a particular contract; the extension applies to those situations in which a merchant, acting out of racial animus, impedes a customer's ability to enter into, or enjoy the benefits, of a contractual relationship." 295 F.3d at 100.

Under Sears' construction, a retailer who flatly denies a prospective purchaser a transaction on racial grounds would leave that person with a cause of action and money in her pocket. That same retailer could instead make the sale and then immediately take the merchandise back for purely racial reasons, leaving the person with no money, no merchandise,

3

and no cause of action. This is an overly narrow construction of § 1981. See Eddy v. Waffle House, Inc., 482 F.3d 674, 678 (4th Cir. 2007) (holding that a diner's contract with a restaurant extends beyond the meal purchased). A seller's intentional retention of both purchase money and the purchased item is tantamount to refusal to contract. This court finds that Moses' allegations provide valid grounds for entitlement to relief. The court denies defendant's motion to dismiss.

### III

For the foregoing reasons, the court denies defendant's motion to dismiss.

**Enter:** this third day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE

4